## Flora D. Mosby, Appellee, v. Clarence M. Kimball, Trading as Kimball Auto Sales, Appellant.

Opinion filed January 19, 1931.

WHAM & WHAM, for appellant.

JUNE C. SMITH, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Flora D. Mosby, appellee and plaintiff in this suit, recovered a judgment in the circuit court of Marion county against appellant for the sum of $3,500, in an action of trespass on the case for damages received in consequence of a collision between an automobile in which she was riding and a Dodge truck owned by appellant, and alleged to have been controlled and operated by his agent or servant.

Appellant was engaged in the sale of new and used automobiles at Centralia. He had in his employ as a salesman one George D. Ryerson. On January 6, 1930, Mrs. Sarah Cleveland operated a grocery store in an outlying part of the city and called appellant on the

telephone to make inquiry about a truck appellant had advertised for sale. In response to the call and about 3 o'clock in the afternoon of that same day, Ryerson drove the truck to the Cleveland store for Mrs. Cleveland's inspection. Ryerson suggested that he demonstrate the truck, but it was rainy and Mrs. Cleveland did not care to go out herself, so she called her brother-in-law, Charles Adams, who lived next door. Adams drove away in the truck with Ryerson and they were gone for a short while, during which time Adams was taught to operate the truck. After their return Mrs. Cleveland again inspected the truck, but was not ready to purchase. Ryerson suggested leaving the truck over night for her to try out. Adams testifies that Ryerson also told him he wished to leave the truck over night for "us boys" to try out, which is denied by Ryerson. Just then Glenn Minor, a delivery boy, employed by Mrs. Cleveland, arrived. While Mrs. Cleveland and Ryerson were still discussing the truck Adams and Minor took the truck and started to drive away and Ryerson immediately left on foot. After driving the truck a short time Adams and Minor overtook Ryerson walking back to his hotel and they picked him up and took him as far as the hotel. Adams and Minor testify that during this trip Ryerson told them to "try her out" and he would come back the next morning. After leaving Ryerson, Adams drove the truck to Salem, Illinois, a distance of about 16 miles, called at his brother's home there, picked him up and took him to the C. & E. I. depot in Salem, where they stopped a few minutes and then returned the brother to his home. Adams then drove to the bake shop of one A. H. Garbe in Salem and stayed about 10 minutes. Garbe was an old friend of Adams and testified that during the course of their conversation Adams asked him if he would sell his bake oven, which was denied by Adams. They then started back to Centralia and at

a point on the highway about a mile east of Sandoval, they ran out of gas, and stopped the truck on the hard road slab, because the weather was rainy and the shoulder adjoining the cement slab was muddy. After stopping they discovered, for the first time, that the tail light of the truck was not burning. Minor was sent to a gasoline station for gas and Adams posted himself about 10 feet in the rear of the truck to protect it from passing automobiles. Shortly after, appellee and her husband approached from the east and collided with the rear of the truck. The collision occurred between 5 and 6 o'clock in the evening and after it had become quite dark. Mr. Mosby was driving his car and testifies he could not stop his car before the collision. In the accident Mrs. Mosby received the injuries for which this suit is brought.

While there are some disputed facts in the testimony, the serious question in the case is the one of liability. Appellant contends, with a good deal of force, that the evidence fails to prove that the person or persons in control of the motor truck, at the time of the collision, were agents or servants of the appellant. The Illinois cases cited in support of this contention are all cases where the driver was using the car on an independent mission of his own and not in the furtherance of the master's business. In the case of *Flaherty v. Helfont,* 123 Me. 134, urged by counsel as presenting an identical situation, the prospective purchaser had taken the truck for a two-day trial and the accident occurred while the truck was being driven back to a garage for mechanical inspection by an employee of the garage and not by the prospective purchaser. While Ryerson denies the statements we believe the testimony fairly shows that he did instruct and request Adams to try out the truck, believing it would further the chance of selling to Mrs. Cleveland. While Adams' relation to appellant does seem somewhat remote and

the question is not without doubt, we are inclined to apply the rule of law in this case that Ryerson, as the agent of appellant, conceived the idea that to leave the truck with Mrs. Cleveland over night and to let Adams try it out was a good way to demonstrate the quality of the car. It was an act performed in furtherance of his employment and therefore the acts of Adams became the acts of Ryerson and appellant was responsible for the negligent acts of Ryerson. *Katz v. Wolff & Reinheimer,* 221 N. Y. S. 476, 54 A. L. R. 852.

The appellant further urges that the evidence does not disclose a breach of any duty set forth in each count of the declaration, *i. e.,* the failure to display one lighted lamp, so situated as to throw a red light visible in the reverse direction, during the period from one hour after sunset to sunrise. We believe it is a fair inference from the testimony in this case that the proof supports the declaration in this respect. We do not regard the defense of imputed negligence raised by appellant as serious in this case, and the disposal of this question and the main question in the case obviates any discussion of the instructions offered by appellant and refused by the court.

No reversible error having been committed in the trial court, the judgment is affirmed.

*Affirmed.*